## Case No. 4,286.

### EDMONDSON v. LOVELL.

[1 Cranch, C. C. 103.][1]

Circuit Court, District of Columbia. Dec. Term, 1802.

THE COURT decided that the execution of a deed of bargain and sale of land need not be proved, by subscribing witnesses if the deed has been duly acknowledged and recorded. And that possession alone was sufficient to maintain the action against one who has no title.

## Case No. 4,287.

### The EDMUND LEVY.

[6 Ben. 371.][2]

Circuit Court, S. D. New York. Feb., 1873.

W. R. Beebe, for libellants.
R. D. Benedict, for claimant.

BLATCHFORD, District Judge. The steamtug W. D. Reed was going up the East river, after dark, on the 8th of December, 1871, and, when off about pier 5, made the green and red side lights of the steamtug Edmund Levy, some 300 yards off, at about pier 9, about right ahead. The Edmund Levy was going down the river. The vessels were therefore, meeting end on, and it was the duty of each to port. Instead of porting, the W. D. Reed, because she wanted to run in to a pier on the New York side, blew two blasts of her steam whistle, and, without waiting for any response thereto from the Edmund Levy, starboarded her wheel, and ran on, with undiminished speed, the Edmund Levy having, at the same time, ported, across the course of the Edmund Levy, so that the two vessels collided, the stem of the W. D. Reed striking the port bow of the Edmund Levy, and the W. D. Reed being damaged by the blow so that she sank. In view of the statutory regulation requiring both of these vessels to port, under the circumstances, the W. D. Reed was solely in fault, and the libel must be dismissed, with costs.